JOSEPH A. PETRILLO, ESQ.
HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP
40 Paterson Street, PO Box 480
New Brunswick, NJ 08903
(732) 545-4717
Attorneys for Third Party Defendant, Geopier Foundation Company, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON, NEW JERSEY

| | |
|---|---|
| Plaintiffs,<br><br>SYMBOINT SCIENCE, ENGINEERING AND CONSTRUCTION, INC.; ZURICH AMERICAN INSURANCE COMPANY a/s/o Symboint Science, Engineering and Construction, Inc.; AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, a/s/o Symboint Science, Engineering and Construction, Inc.; and STEADFAST INSURANCE COMPANY a/s/o Symboint Science, Engineering and Construction, Inc.<br><br>vs.<br><br>Defendants,<br><br>GROUND IMPROVEMENT SERVICES, INC.; JOHN DOES 1-10 (fictitious parties) and ABC COMPANIES 1-10 (fictitious parties); GEOSTRUCTURES OF VIRGINIA, INC.<br><br>**AND**<br><br>Defendant/Third Party Plaintiffs,<br><br>GROUND IMPROVEMENT SERVICES, INC. and GEOSTRUCTURES, INC. | Honorable Michael A. Shipp<br><br>CIVIL ACTION NO. 3:22-cv-04905-MAS-LHG<br><br>**ELECTRONICALLY FILED** |

```
      vs.

Third Party Defendants,

GEOPIER FOUNDATION COMPANY,
INC., and GZA GEOENVIRONMENTAL,
INC.
```

**REPLY BRIEF IN SUPPORT OF THIRD-PARTY
DEFENDANT, GEOPIER FOUNDATION COMPANY, INC.'S
CROSS MOTION TO DISMISS PLAINTIFFS' FED. R. CIV.
P. 14(A)(3) COMPLAINT IN RESPONSE TO PLAINTIFF'S OPPOSITION**

```
                              HOAGLAND, LONGO, MORAN,
                                 DUNST & DOUKAS, LLP
                              Attorneys for Third Party
                              Defendant, Geopier Foundation
                              Company, Inc.
                              40 Paterson Street
                              P.O. Box 480
                              New Brunswick, NJ 08903
                              (732) 545-4717
```

JOSEPH A. PETRILLO, ESQ.
Of Counsel and On the Brief

JUSTIN CRITELLI, ESQ
On the Brief

**TABLE OF CONTENTS**

TABLE OF CONTENTS............................................. i

TABLE OF AUTHORITIES......................................... ii

INTRODUCTORY STATEMENT........................................ 1

STATEMENT OF MATERIAL FACTS................................... 1

LEGAL ARGUMENT

    POINT I................................................... 2

    POINT II.................................................. 3

    POINT III................................................. 6

CONCLUSION.................................................... 7

**TABLE OF AUTHORITIES**

**Cases**

Dean v. Barrett Homes Inc.,
　204 N.J. 286 (2010).................................. 3, 4, 5

Int'l Flavors & Fragrances, Inc. v. McCormick & Co.,
　575 F. Supp. 2d 654 (D.N.J. 2008)............................ 4

King v. Hilton-Davis,
　855 F.2d 1047, 1051 (3d Cir.1988)............................ 4

Marrone v. Greer & Polman Const., Inc.,
　405 N.J. Super. 288 at 302-303)............................. 4

Polzo v. Cnty. of Essex,
　196 N.J. 569 at 594......................................... 3

Saltiel v. GSI Consultants Inc.,
　170 N.J. 297 (2002)...................................... 2, 3

Townsend v. Pierre,
　221 N.J. 36 at 51........................................... 3

**INTRODUCTORY STATEMENT**

Plaintiff does not dispute most of Third-Party Defendant Geopier Foundation Company, Inc.'s ("Geopier") Cross Motion to Dismiss Plaintiff's Rule 14(a)(3) Complaint against Geopier. Plaintiff does not distinguish the law or argue that the Economic Loss Doctrine could not apply to a Third-Party Defendant. Instead, Plaintiff limits itself to the argument that Plaintiff has alleged incurred property damage which is not an economic loss, and, by extension, its claim is not barred by the economic loss doctrine. Plaintiff's position on its "consequential loss" is simply without basis in the facts. Moreover, if the Court will consider the argument advance by the Plaintiff, this reply brief will show that recovery under a theory of negligence for alleged property damage is barred under the Integrated Product Corollary to the Economic Loss Doctrine. Finally, in the unlikely event this Court accepts the Plaintiff's position, Plaintiff's Complaint should be limited to certain property damage alleged in the Plaintiff's complaint against Defendant Ground Improvement Services, Inc.

**STATEMENT OF MATERIAL FACTS**

1. Third-Party Defendant incorporates and relies upon the Certification of Joseph A. Petrillo, Esq. attached to Third Party Defendant's Cross Motion to Dismiss Plaintiff's Rule 14(a)(3) Complaint.

1

**LEGAL ARGUMENT**

**POINT I**

Plaintiff's entire argument is that it did not suffer purely "economic losses" because for "the expenses incurred for the investigation of the claims of Trenton Biogas against Plaintiff Symbiont, the costs and expenses incurred for the remediation and repair of damages as a result of the settlement of the tanks, or the payments already expended by Zurich on Symboint's behalf." Plaintiff errs in its analysis. These are not "consequential damages" of the type contemplated in the law on these issues. Indeed, the Plaintiff's own brief tacitly concedes that the Economic Loss Doctrine would bar claims related to the work itself, as that is not referenced as a consequential damage. Yet, Plaintiff wishes to create a consequential damage in arguing that the "cost of investigation" is a separate damage, not related to the work itself. The Court should disregard this argument.

Moreover, Plaintiff's brief fails to address the central purpose of the holding in Saltiel v. GSI Consultants Inc., 170 N.J. 297 (2002). Specifically the holding "that under New Jersey law a party cannot maintain a negligence action in addition to a contract action unless the plaintiff can establish an independent duty of care." See Saltiel at 314. Plaintiff has failed to establish an independent duty of care. Plaintiff

2

incorporates by reference Third Party Plaintiff's complaint against Geopier. *See* Plaintiff's Rule 14(a)(3) Complaint against Third Party Defendants ¶ 4. Plaintiff limits their complaint to the extent Defendants establish liability against Third Party Defendants. Id. ¶ 5. Third Party Plaintiff claims that Third Party Defendant owes Third Party Plaintiff a duty of care. *See* Third Party Complaint by Defendant against Geopier ¶ 55. However, Third Party Plaintiff never alleges that Third Party Defendant owed a duty of care to Plaintiff Symboint.

Not only is establishment of a duty of care a necessary element under Saltiel, but it is a necessary element to all tort claims. Townsend v. Pierre, 221 N.J. 36 at 51 (*quoting* Polzo v. Cnty. of Essex, 196 N.J. 569 at 594.)

Plaintiff do not establish an independent duty is owed by Geopier, perhaps because, as argued in the moving papers, they have recourse for ALL damages pursuant to its contract with defendants. Any and all of the economic losses suffered are, in fact, related to the work itself of Geopier. There are not some excluded or separate damages. This is not a leaky roof that damages the furniture inside the home. This case concerns a settlement failure in the Trenton Biogas tank system that is alleged to be replaced in kind.

**POINT II**

3

Plaintiff's recovery is barred by the Integrated Product Doctrine. Plaintiff cites Dean v. Barrett Homes Inc., 204 N.J. 286 (2010) wherein the court allowed for recovery for damages caused to the structure to which the product was attached. *See* Plaintiff's Opposition to Third Party Defendant's Cross Motion to Dismiss at 12. What Plaintiff fails to mention is the distinction the Dean court made from the Integrated Product Doctrine. The Integrated Product Doctrine is an extension of the Economic Loss Doctrine. This theory has been used to extend the Economic Loss Rule to preclude tort-based recovery when a defective product is incorporated into another product which the defective product then damages. Dean at 298 (*citing* King v. Hilton-Davis, 855 F.2d 1047, 1051 (3d Cir.1988). Herein, the project was the larger biogas tank system.

    The Integrated Product Doctrine has not been expressly adopted or rejected by the New Jersey Supreme Court, but has been adopted by the New Jersey Appellate Division (*see* Marrone v. Greer & Polman Const., Inc., 405 N.J. Super. 288 at 302-303) as well as the Federal Court when called upon to apply New Jersey law. *See* Int'l Flavors & Fragrances, Inc. v. McCormick & Co., 575 F. Supp. 2d 654 (D.N.J. 2008). The Dean court did not rule on whether to adopt the integrated product doctrine because

4

it did not find that the EIFS was integrated into the home.[1] Dean at 302. Given the doctrines adoption by other courts[2], it is likely the New Jersey Supreme Court would adopt the doctrine when confronted with an integrated product. It is clear that the soil improvement services provided by Third-Party Defendant were an integrated part of the subject system. The soil improvement was not merely attached to the tanks, but was a critical component in the foundational stability of the tanks. In Dean, the EIFS was merely attached to the outside of the home. Dean at 303. Here, the soil improvement was not separate entity, but was integrated into the tanks as a whole in order for them to function properly.

---

[1] Please see Third Party Defendant's Cross Motion to Dismiss for an explanation of the facts of Dean v. Barrett Homes Inc.

[2] See ex., Int'l Flavors & Fragrances, Inc. v. McCormick & Co., Inc., 575 F. Supp 2d 654, 662-63 (D.N.J. 2008); Travelers Indem. Co. v. Dammann & Co., Inc., 592 F. Supp. 2d 752, 762-63 (D.N.J. 2008).

**POINT III**

Based on the foregoing, and that which is outlined in the moving papers, the Cross Motion should be granted in its entirety. However, should this Court find that that the Economic Loss Doctrine does not apply, Plaintiff's Rule 14(a)(3) complaint should be limited to the consequential property damages alleged. Plaintiff alleges damage to the foundation, steel walkway, and a ladder. *See* Plaintiff's Opposition at 13. Again, we vehemently oppose the notion that these are "separate" damages; however, a decision on the matter is within the province of the Court. As noted in the Dean analysis, recovery was limited to damages caused by the allegedly defective EIFS to the house's structure and environs. Dean at 303. Thus, Plaintiff's Rule 14(a)(3) Complaint should be limited only to the alleged "consequential" damages Plaintiff claims to the ladder and walkway.

6

**CONCLUSION**

Based on the foregoing, it is respectfully submitted that the Court should grant the Motion and that the Plaintiff's 14(a)(3) Complaint be DISMISSED with prejudice.

Respectfully submitted,

HOAGLAND, LONGO, MORAN,
   DUNST & DOUKAS, LLP
Attorneys for Third Party
Defendant Geopier Foundation
Company, Inc.

By:   *Joseph A. Petrillo*
         JOSEPH A. PETRILLO

Dated: March 13, 2023